103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LESLIE HAULERS, INC.; C & B Trucking, Inc.; Grigsby
Trucking, Inc.; Steve Caldwell Trucking, Inc.; K & P
Trucking, Inc.; Vincent Baker Trucking, Inc., Petitioners
Cross-Respondents, (95-5802/5986)
v.
NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner.
(95-5802/5986)
JOHN CHANEY TRUCKING, INC., and Watts & Chaney Company,
Inc., Petitioners, (95-6282) Petitioners
Cross-Respondents, (95-6468)
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, (95-6282)
Respondent Cross-Petitioner. (95-6468)
 Nos. 95-5802, 95-5986, 95-6282 and 95-6468.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 On Appeal from the National Labor Relations Board, Nos. 9-CA-32765-1 9-CA-32765-2 9-CA-32765-3 9-CA-32765-4 9-CA-32765-5 9-CA-32765-6 9-CA-32863.
 ORDER ENFORCED.
 Before: RYAN and SUHRHEINRICH, Circuit Judges; and ENSLEN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 In these appeals, a number of Kentucky employers who are engaged in the coal hauling business petition for review of two decisions and orders of the National Labor Relations Board finding that the employers committed unfair labor practices in violation of sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., when they refused to bargain with the United Mine Workers of America, whom the Board had certified as the collective bargaining representative of the truckdrivers employed by the various companies. The NLRB cross-petitions for enforcement. The appeals are based on identical factual backgrounds, and present an identical legal issue, namely, whether the NLRB abused its discretion in overruling the employers' election objections and certifying the UMWA as bargaining representative. We shall enter a judgment enforcing the NLRB's orders.
 
 I.
 
 2
 This court's standard of review of NLRB orders under these circumstances is well-established. "On questions regarding representation," courts accord the NLRB "an especially 'wide degree of discretion.' " Canadian Am. Oil Co. v. NLRB, 82 F.3d 469, 473 (D.C.Cir.1996) (quoting NLRB v. A.J. Tower Co., 329 U.S. 324, 330 (1946)). Thus, "[t]he Board has broad discretion to determine whether the circumstances of an election have allowed the employees to exercise free choice in deciding whether to be represented by a union." NLRB v. Duriron Co., 978 F.2d 254, 256-57 (6th Cir.1992). This court, therefore, reviews the NLRB's decision in a representation dispute for an abuse of discretion. Colquest Energy, Inc. v. NLRB, 965 F.2d 116, 119 (6th Cir.1992). The NLRB's findings of fact are conclusive "if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e); see Kux Mfg. Co. v. NLRB, 890 F.2d 804, 808 (6th Cir.1989). "Deference to the Board's factual findings is particularly appropriate where the 'record is fraught with conflicting testimony and essential credibility determinations have been made.' " Tony Scott Trucking, Inc. v. NLRB, 821 F.2d 312, 315 (6th Cir.) (citation omitted), cert. denied, 484 U.S. 896 (1987).
 
 II.
 
 3
 We think that no useful purpose would be served by repeating the lengthy recitation of facts, issues, and legal analysis set forth in the hearing officer's reports and recommendations, and with which the parties are thoroughly familiar.
 
 
 4
 The employers sought below, and seek here, to overturn the election results that have been certified by the Board in both cases. In order to make a prima facie case for invalidating an election, an objecting party, such as the employers here, "bears the burden of demonstrating that there exist material issues of fact concerning whether the objectionable conduct affected the results of the election." Colquest Energy, 965 F.2d at 119. They must prove not only that unlawful acts occurred, but that "the conduct interfered with the voters' exercise of free choice," and that it did so "to such an extent that [it] materially affected the results of the election." Id. at 119-20.
 
 
 5
 It is clear that there is substantial evidence supporting the NLRB's decisions and orders, and that the high standard set by Colquest for overturning an election was not met. The employers have virtually no proof that the so-called "lightloading" occurred as a result of improper motivation. On the other hand, there is, in contrast, ample evidence to support the hearing officer's conclusion that the lightloading resulted from the Cyprus Mountain Coal Corporation memorandum, instructing its employees that, in order to satisfy safety inspectors, "no trucks [were] to be loaded above the side board in a manner that could create a road spill...." Likewise, there is ample evidence justifying the NLRB's conclusion that the lightloading did not interfere with the voters' exercise of free choice.
 
 III.
 
 6
 We GRANT the NLRB's petitions for enforcement of its orders.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation